UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JACOB GUBIN,

Plaintiff,

v. Case No. 26-cv-1740-pp

HONORABLE TRICIA WALKER, *et al.*,

Defendants.

---

**ORDER SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE WITHOUT PREJUDICE**

---

Plaintiff Jacob Gubin, who is incarcerated at Rockingham/Harrisonburg Regional Jail in Harrisonburg, Virginia, and is representing himself, filed a complaint under 42 U.S.C. §1983 in the United States District Court for the Middle District of Florida requesting damages and federal involvement in an ongoing Wisconsin state criminal prosecution. Dkt. No. 1. On September 24, 2026, the case was transferred to the Eastern District of Wisconsin. Dkt. No. 4. The plaintiff has neither paid the filing fee nor filed a motion for leave to proceed without prepaying the filing fee. This order screens the complaint and dismisses the case without prejudice.

## I. Screening the Complaint

### A. Federal Screening Standard

Under the Prison Litigation Reform Act (PLRA), the court shall review "as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or

malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter C'nty Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. <u>The Plaintiff's Allegations</u>

The plaintiff sues Fond du Lac County (Wisconsin) Circuit Court Judge Tricia Walker, Virginia Governor Abigail Spanberger, Wisconsin Governor Tony Evers and Rockingham/Harrisonburg Regional Jail Captain Jimmy Winner. Dkt. No. 1 at 1, 9. The complaint is hard to follow, but the plaintiff appears to allege that he is being illegally detained stemming from Wisconsin criminal cases and a civil case over which Judge Walker presides. Id. at 3, 12. The plaintiff asserts that Rebecca Jones, who petitioned for a temporary restraining order against the plaintiff in Fond du Lac County Case No. 22CV383, works as a social worker for Fond du Lac County Circuit Court. Id. at 3, 5. He states that Judge Walker could not be impartial based on Jones's employment. Id. The plaintiff mentions several ongoing criminal cases: Fond du Lac County Case Nos. 22CF822, 22CF919, 23CF680 and 26CF175. Id. at 5. The plaintiff claims that his constitutional rights have been violated regarding "abuse of process." Id. at 10.

The plaintiff alleges that on October 21, 2022, Jones filed a petition for an injunction in Case No. 22CV383. Id. at 13. The plaintiff states that a "challenge of venue" was filed in that case on November 3, 2022. Id. On November 21, 2022, the plaintiff allegedly was arrested without a warrant "due to contact (text) regarding hearing de novo and ex parte evidence Approx 11-21-22 case 22CF919." Id. at 14. The plaintiff states that on January 12, 2023 he appeared before Judge Walker, but the hearing was dismissed due to a clerical error. Id. The plaintiff allegedly noticed that Judge Walker "had control of" Case Nos. 22CF822, 22CF919 and closed case 22CV383. Id. Judge Walker allegedly issued a nationwide warrant for both criminal cases and did not appoint the plaintiff a lawyer. Id. The plaintiff alleges that on August 11, 2023,

Case No. 23CF680 was filed with sixteen new charges. Id. at 15. He states that he was arrested on October 1, 2023 under a nationwide warrant (which he says he does not contest) and returned to Wisconsin later that month. Id. The plaintiff alleges that the dispositions of Case Nos. 22CF822, 22CF919 and 23CF680 were postponed on October 28, 2024 because defense counsel did not support the plaintiff's claims and for other reasons. Id. at 16. The plaintiff alleges that on November 1, 2024, he fled from Wisconsin. Id. at 17. He was hospitalized in North Carolina a couple of days later and says that on November 4, 2024, he believed that getting arrested would be the safest way to "buy more time to figure out how to expose WI rather than accept plea or face consequences of incompetence." Id. The plaintiff states that he was arrested for "felony eluding" in Rockingham, Virginia. Id. He alleges that on October 24, 2025, he was sentenced for that charge. Id. at 18. The plaintiff asserts that on March 11, 2026, Case No. 26CF175 was filed in Fond du Lac County and Judge Walker authorized seven counts against the plaintiff for violation of the prior injunction. Id. at 20. The plaintiff states that he has filed a *habeas corpus* petition challenging the legality of his arrest in Rockingham.[1] Id. at 21.

For relief, the plaintiff asks for damages, an attorney, "federal involvement," a temporary restraining order, time to counter claims against Rebecca Jones, a jury trial and a stay of proceedings in Case 26CF175. Id. at 11-12, 22. He says that he will pursue a writ of *habeas corpus* if his detainment continues. Id. at 22.

[1] The plaintiff may be referring to Gubin v. Virginia, Case No. 26-cv-1469 (E.D. Va.).

C. Analysis

The plaintiff asks this court to become involved in his ongoing criminal case, Wisconsin v. Jacob Gubin, Fond du Lac County Case No. 2026CF175 (available at wcca.wicourts.gov). In that case, Judge Walker allegedly authorized seven counts against the plaintiff. The plaintiff alleges that Judge Walker presides over his other criminal cases, all of which are also open cases: Wisconsin v. Jacob Gubin, Fond du Lac County Case No. 22CF822; Wisconsin v. Jacob Gubin, Fond du Lac County Case No. 22CF919; and Wisconsin v. Jacob Gubin, Fond du Lac County Case No. 23CF680. The plaintiff also alleges that Judge Walker presided over a civil case (Fond du Lac County Case No. 22CV000383) in which Rebecca Jones brought a restraining order against him.

The plaintiff appears to claim that Judge Walker has made errors in her decisions in his civil case which have led to criminal prosecutions and confinement. He asks for injunctive relief and damages. But a judge has absolute immunity for judicial actions unless she acted "in the absence of all jurisdiction." Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011). The plaintiff has not alleged that Judge Walker acted without jurisdiction in his civil and criminal cases. To the extent that the plaintiff seeks damages, Judge Walker is entitled to judicial immunity for her actions described in the plaintiff's complaint.

The plaintiff has not stated a claim against Governor Spanberger or Governor Evers. The complaint does not contain allegations against the governors, and it is not clear why the plaintiff has sued them. Likewise, the complaint does not contain allegations against Captain Winner, who works at the Rockingham/Harrisonburg Regional Jail. Captain Winner is not alleged to have any involvement in the plaintiff's ongoing criminal cases.

Even if the plaintiff had stated a claim against the defendants for violating his constitutional rights, his criminal cases are ongoing. Under Younger v. Harris, 401 U.S. 37 (1971), "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." Gakuba v. O'Brien, 711 F.3d 751, 753 (7th Cir. 2013). The plaintiff does not state a claim for violation of federal law against any of the defendants he is suing, so the court need not stay this case while the plaintiff's state law claims are resolved. See id.

The court will dismiss this case without prejudice to allow the plaintiff to pursue any civil law claim he believes he has after his criminal cases, including any appeals, are resolved.

## II. Conclusion

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The court will enter judgment accordingly.

The court **ORDERS** that under 28 U.S.C. §1915(b)(1), the plaintiff must pay the $350 statutory filing fee.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$350** filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Sheriff of Rockingham County, Virginia who oversees the Rockingham/Harrisonburg Regional Jail, where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court.* See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 29th day of September, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**